IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

VGW HOLDINGS LIMITED,

        Petitioner,

   -against-

CURTIS HOLCOMB,

        Respondent.

Case No. _____

**PETITION TO CONFIRM ARBITRATION AWARD**

1. Petitioner VGW Holdings Limited ("VGW"), by and through its undersigned counsel, hereby petitions the Court for confirmation of an arbitration award against Respondent Curtis Holcomb (the "Award"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (the "FAA"). A copy of the Award is attached as Exhibit 1 to the accompanying Declaration of Gregory D. Beaman ("Beaman Decl."). In support of this petition, VGW states as follows:

**THE PARTIES**

2. VGW is a public company incorporated and headquartered in Australia. *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 2.

3. Mr. Holcomb is a domiciliary of the State of Ohio and a resident of this District.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state (VGW) and a citizen of Ohio (Mr. Holcomb) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Indeed, the Award dismissed with prejudice Mr. Holcomb's third-party recovery claim in which he sought more than $75,000 from VGW, exclusive of interest and costs. *See* Thunder Decl. ¶ 5.

5. This Court has personal jurisdiction over Mr. Holcomb and venue is proper in this District because Mr. Holcomb is a domiciliary of the State of Ohio and he is a resident of this District. Mr. Holcomb also consented to personal jurisdiction and venue in "any court of competent jurisdiction" in connection with an action to confirm an arbitral award between the parties. *See* Beaman Decl., Exhibit 2 (Luckyland Terms) § 24.17 ("[A]ny motion . . . to enforce an arbitral award issued hereunder may be brought before any court of competent jurisdiction.").

## BACKGROUND

6. VGW, through its affiliates VGW Holdings US Inc. and VGW Luckyland Inc., offers free-to-play social casino-themed games on mobile apps and traditional internet browsers. On or about December 12, 2022, Mr. Holcomb filed a Demand for Arbitration against VGW under the Consumer Arbitration Rules of the American Arbitration Association ("AAA"), in accordance with VGW's Luckyland Slots Terms of Service (the "Terms").[1] *See* Beaman Decl., Exhibit 3 (Demand). The Terms mandate that any disputes between the parties be submitted to binding arbitration on an individual basis only, under the AAA Consumer Rules. *Id.*, Exhibit 2 § 23.

7. The Terms also clearly and conspicuously state in all caps:

> NEITHER YOU NOR VGW GROUP SHALL BE ENTITLED TO CONSOLIDATE, JOIN OR COORDINATE DISPUTES BY OR AGAINST OTHER INDIVIDUALS OR ENTITIES, OR PARTICIPATE IN ANY COLLECTIVE ARBITRATION (AS DEFINED ABOVE) OR ARBITRATE OR LITIGATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY <u>OR OTHERWISE SEEK TO RECOVER FOR LOSSES INCURRED</u>

---

[1] Mr. Holcomb also named "Virtual Gaming Worlds" as a party in the arbitration, but no entity exists by that name.

2

<blockquote>BY A THIRD PARTY. IN CONNECTION WITH ANY DISPUTE (AS DEFINED ABOVE), ANY AND ALL SUCH RIGHTS ARE HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVED.</blockquote>

Beaman Decl., Exhibit 2 § 23.12 (emphasis in original).

8. In his Demand for Arbitration, Mr. Holcomb alleged that VGW's social casino-themed games are unlawful gambling under Ohio law. *See* Beaman Decl., Exhibit 3 (Demand) ¶¶ 9-10. Despite that VGW's games are free to play and players never need to make any purchases to continue playing the games, Mr. Holcomb alleged that he and other Ohio residents spent money to purchase extra virtual coins that can only be used to play the games. *Id*. ¶¶ 6-7. Mr. Holcomb sought to recover the money he spent playing VGW's games, pursuant to O.R.C. § 3763.02. *Id*. ¶¶ 12-14. Mr. Holcomb also asserted a separate claim to recover for himself all money spent by *other* residents of Ohio who played the games, pursuant to O.R.C. § 3763.04. *Id*. ¶¶ 13-14.

9. The AAA appointed the sole arbitrator on April 12, 2023. *See* Beaman Decl., Exhibit 4. The seat of the arbitration is Akron, Ohio. *Id.*, Exhibit 5. On May 4, 2023, the arbitrator requested briefing on the threshold legal issue of whether Mr. Holcomb is barred from recovering the purchases of third parties, either under the Terms or for lack of statutory or constitutional standing under Ohio law. *Id.*, Exhibit 1 at 1. Briefing closed on June 15, 2023.

10. On June 22, 2023, the arbitrator issued the Award. The arbitrator held that Mr. Holcomb is legally barred under the Terms from seeking to recover purchases of third parties and is limited under the Terms to seeking recovery only of his own individual purchases:

<blockquote>The Luckyland Slots Terms of Service ("the Agreement") requires arbitration of disputes arising under the Agreement. Section 23.12 provides that no claim may be brought "in a representative capacity." The term "representative capacity" is not explicitly defined but the term is given some definition by the statement that it includes any claims that are brought "as a representative member of a class or in a private attorney general capacity or otherwise seek to recover for losses incurred by a third party." The Arbitrator concludes that this section of the Agreement prohibits Claimant [Mr.</blockquote>

3

> Holcomb] from recovering damages for the gambling losses of others in this arbitration proceeding. To allow him to do so would be to allow him to act as a private attorney general and to recover for losses incurred by third parties. Both are prohibited by the Agreement.
>
> The arbitration shall proceed on this basis. Claimant [Mr. Holcomb] may pursue his claim against Respondent [VGW] only for his own personal money loss.

Beaman Decl., Exhibit 1 at 2.

11. Thus, the arbitrator dismissed with prejudice Mr. Holcomb's claim to recover the purchases of third parties under O.R.C. § 3763.04. The only remaining claim left in the arbitration is Mr. Holcomb's separate claim to recover his own individual purchases under O.R.C. § 3763.02.

12. To recover his own individual purchases, Mr. Holcomb will need to prove VGW's games are unlawful gambling under Ohio law. That question has yet to be put before the arbitrator. VGW denies its games are gambling under Ohio law, but that issue is not relevant to this petition.

## ARGUMENT

13. Under Section 9 of the FAA, this Court must enforce an arbitral award that has not been vacated, modified, or corrected. *See* 9 U.S.C § 9 (upon a timely application to confirm an arbitral award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"). Indeed, as the Sixth Circuit has held, "confirmation is a summary proceeding and the court *must* confirm the award where the award is not vacated, modified or corrected[.]" *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005) (emphasis in original); *see also Bay Shore Power Co. v. Oxbow Energy Sols., LLC*, 969 F.3d 660, 664 (6th Cir. 2020) ("Aside from narrow grounds allowing a court to modify, vacate, or correct an award that are not relevant here, . . . courts can do no more than confirm or deny confirmation of the award."). "Thus, the plain language of the [FAA] presumes that arbitration

4

awards will be confirmed," and "the federal courts are merely courts of enforcement where the award has not been vacated, modified or corrected." *Gangale*, 125 F. App'x at 676-77.

14. Here, the Award must be confirmed because it has not been vacated, modified, or corrected. VGW acknowledges that Mr. Holcomb has three months from the date the Award was issued on June 22, 2023, to file a petition for vacatur, modification, or correction of the Award under the FAA. *See* 9 U.S.C. § 12. However, Mr. Holcomb has not raised any objections to the Award since it was issued over a week ago, nor has he sought to vacate, modify, or correct the Award. There also would not be any basis for him to seek vacatur, modification, or correction of the Award, as none of the exceedingly limited grounds for such relief under the FAA applies here. *See* 9 U.S.C. § 10(a). Absent any indication from Mr. Holcomb in response to this petition that he intends to seek vacatur, modification, or correction of the Award, the Award can and should be confirmed by this Court. Alternatively, should the Court prefer to wait until the statutory period has expired, VGW is willing to wait until September 22, 2023, for a confirmation order.

15. Finally, that the Award is titled "interim award" is of no moment to confirmation. In the Sixth Circuit, it is well-established that "an 'interim' award that finally and definitively disposes of a separate independent claim may be confirmed 'notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration.'" *Island Creek Coal Sales Co. v. City of Gainesville, Fla.*, 729 F.2d 1046, 1049 (6th Cir. 1984), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000); *see also Motion Dynamics, Inc. v. Nu-Best Franchising, Inc.*, 2005 WL 1898788 at *2 (N.D. Ohio 2005) (citing *Island Creek* and rejecting argument that "interim" award could not be confirmed); *Blue Cross Blue Shield of Mich. v. Medimpact Healthcare Sys., Inc.*, 2010 WL 2595340, at *2

(E.D. Mich. 2010) (citing *Island Creek* and confirming interim award granting preliminary injunctive relief because the interim award resolved "separate and independent claims").

16. Here, Mr. Holcomb asserted two separate and independent claims in the underlying arbitration: (1) a claim for recovery of his own individual in-game purchases, under O.R.C. § 3763.02; and (2) a claim for recovery of all other Ohio residents' in-game purchases, ostensibly pursuant to O.R.C. § 3763.04. *See supra* ¶ 8. Whether Mr. Holcomb is entitled to recover the purchases of *third parties* under § 3763.04 is a "separate" legal issue that is "discrete, independent, [and] severable" from the issue of whether Mr. Holcomb is entitled to recover his own purchases under § 3763.02. *See Island Creek*, 729 F.2d at 1049 (interim award subject to confirmation where it "disposes of one self-contained issue," that is "separate, discrete, independent, [and] severable[.]"). Indeed, that is why the arbitrator requested briefing on the threshold legal question regarding Mr. Holcomb's inability to recover purchases of third parties. And, of course, Mr. Holcomb's claim to recover third parties' purchases is an entirely separate and discrete claim brought under a separate section of the statute (§ 3763.04) than his claim to recover his own individual purchases (§ 3763.02). The Award dismissed Mr. Holcomb's independent claim for recovery of third parties' in-game purchases with prejudice. Thus, the Award must be confirmed.

## REQUEST FOR RELIEF

17. For the reasons set forth above, VGW respectfully requests that the Court enter an order and judgment confirming the Award pursuant to 9 U.S.C. § 9 and granting VGW such other and further relief as the Court deems just and proper.

Dated: June 30, 2023	Respectfully submitted,

*/s/ Matthew D. Fazekas*
Kimberly Weber Herlihy (0068668)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio  43215
Phone: (614) 464-8283
Fax: (614) 719-4711
kwherlihy@vorys.com

Matthew D. Fazekas (0099693)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Phone: (216) 479-6100
Fax: (216) 479-6060
mdfazekas@vorys.com

Gregory D. Beaman (*pro hac vice* pending)
gbeaman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, NY 10019
Tel: (212) 506-5000

*Attorneys for Petitioner VGW Holdings Limited*